IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DANIEL BRUCE JONES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-155 (CDL) |
| | : | |
| JIMMY COLSON, Warden, | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On December 11, 2009, Petitioner filed an application for federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On April 2, 2010, Respondent filed a Motion to Dismiss the petition as untimely. (R-13). Petitioner was notified of his right to respond, and did so on April 23, 2010. (R-17).

The record reveals that on January 7, 2003, Petitioner was convicted after a jury trial of armed robbery in the Superior Court of Clay County, Georgia. (R-1, p. 1). Petitioner was sentenced to twenty years imprisonment with ten to serve incarcerated. *Id.* Petitioner then filed a Motion for New Trial, which was denied on September 20, 2004. He states that he then filed a Motion to Vacate Indictment on September 3, 2004, which was never entertained. *Id.* at 3. On October 27, 2005, Petitioner states that he filed a Motion to Set Aside Verdict which was denied on February 21, 2006. *Id.* at 4. He claims that he then filed a Motion to Vacate Sentence on July 18, 2008, which was ultimately denied on August 13, 2008. On March 16, 2006, Petitioner filed a state habeas petition in the Superior Court of Sumter County, which was denied on August 17, 2009. (R-1, p. 6). Petitioner then filed

a certificate of probable cause to appeal with the Georgia Supreme Court which was denied on February 1, 2010. (R-13, Exh. 5).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court

2

of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By final*,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id*. at 321 n.6, 107 S. Ct. 708.

*Id*. at 1338.

In this case, Petitioner was convicted of armed robbery on January 7, 2003. Pursuant to O.C.G.A. § 5-6-38 Petitioner had thirty (30) days after his guilty plea and sentencing to file a notice of appeal.[1] Petitioner did not pursue a direct appeal, but did file a timely Motion for New Trial which was denied on September 20, 2004. Therefore, his judgment of conviction became final on October 20, 2004, which was thirty days[2] following the denial of his Motion for New Trial. The AEDPA statute of limitations thus began to run on Petitioner's § 2254 action on October 21, 2004 and ended on October 20, 2005. Although Petitioner filed a Motion to Vacate the Indictment and a Motion to Set Aside the Verdict on

---

[1] In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996).

[2] Petitioner has thirty days in which to file a direct appeal of his conviction pursuant to O.C.G.A. § 5-6-38(a).

3

October 27, 2005, that motion did not toll the one year AEDPA limitations period because there was no time period left to toll.

Petitioner's state habeas corpus petition which was not filed until March 16, 2006, was filed almost 18 months after the expiration of the AEDPA statute of limitations. *See Tinker v. Moore,* 255 F.3d 1331, 1334, *cert. denied,* 534 U.S. 1144 (2002). The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's federal habeas petition filed on December 11, 2009, more than four years following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 28th day of April, 2010.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

eSw